## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHRIS WALKER, | § | |
|     Plaintiff, | § | |
| | § | **Case No. _____** |
| VS. | § | |
| | § | **Jury Demand** |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| | § | |
|     Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Defendant") files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully represent and show unto this Court the following:

### A. Introduction

1.    Pursuant to Local Rules 3 and 81, Defendant attaches an index of matters being filed to this Notice, its Civil Cover Sheet, Cause No. 2016-79472's docket sheet, and list of online filings. *See Exhibits A through D.*

2.    On or about November 16, 2016, Plaintiff Chris Walker ("Plaintiff") initiated a state-court lawsuit against Defendant Nationwide Property and Casualty Insurance Company in the 333rd District Court of Harris County, Texas styled *Chris Walker v. Nationwide Property and Casualty Insurance Company*; pending as Cause No. 2016-79472 ("the state court action"). In the state court action, Plaintiff seeks actual damages for breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. Further, Plaintiff seeks attorneys' fees, treble damages, exemplary damages and 18% interest. *See Plaintiff's Original Petition*, attached hereto as Exhibit "A".

3.    The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Chis Walker - Plaintiff | Sheldon Wayne<br>State Bar No. 00796429<br>Daly & Black, P.C<br>2211 Norfolk St., Suite 800<br>Houston, Texas 77098<br>713.655.1405 |
| Nationwide Property and Casualty<br>Insurance Company - Defendant | Randall G.  Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670 |

4.      The name and address of the court from which the case is being removed is:

> The Honorable Randy Wilson
> 157th Judicial District Court, Harris County, Texas
> 201 Caroline, 11th Floor
> Houston, Texas 77002
> 713.368.6230

### B.  Notice of Removal Timely

5.      Defendant Nationwide Property and Casualty Insurance Company was first notified of the filing of Plaintiff's petition on November 29, 2016, but Defendant has not yet been formally served with the lawsuit. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Consequently, this Notice of Removal is timely.

### C.  Complete Diversity

6.      Pursuant to the state court action, Plaintiff Chris Walker is a resident of Harris County, Texas and a citizen of Texas.

7.      Defendant Nationwide Property and Casualty Insurance Company is now, and was at all times relevant hereto, a citizen of the state of Ohio, incorporated in the state of Ohio, and having its principal place of business in the state of Ohio.

8.      In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b).

9.      Plaintiff's Original Petition alleges actual damages, seeks three times the amount of actual damages, and seeks attorneys' fees, interest and exemplary damages. Exhibit A at 2-6. Specifically, Plaintiff seeks an amount over $100,000.00 but less than $200,000.00. *Id.* at 2.

10.     In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the

presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

### E. ALL PLEADINGS OF STATE COURT ACTION ATTACHED AS EXHIBITS

11.    Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit C.

### F. BASIS FOR REMOVAL

12.    Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, Defendant is a citizen and resident of Ohio, and since the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### G. FILING OF NOTICE WITH STATE COURT

13.    Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court action.

### **PRAYER**

14.    WHEREFORE, PREMISES CONSIDERED, Defendant Nationwide Property and Casualty Insurance Company requests that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that it have such other and further relief to which it may show itself entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:   */s/ Randall G. Walters*
      RANDALL G. WALTERS - 20819480
      Meadow Park Tower
      10440 N. Central Expy, Suite 1500
      Dallas, Texas 75231
      214/347-8381  - FAX
      214/347-8380 - DIRECT
      214/749-4805 - MAIN
      Email: randy.walters@wbclawfirm.com
      **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of December, 2016, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Randall G. Walters*
RANDALL G. WALTERS

# Exhibit "A"

11/16/2016 3:32:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13832536
By: Bonisha Evans
Filed: 11/16/2016 3:32:01 PM

## 2016-79472 / Court: 333

CAUSE NO._____

| | | |
|---|---|---|
| CHRIS WALKER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| NATIONWIDE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Chris Walker ("Mr. Walker"), Plaintiff herein, files this Original Petition against Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Chris Walker is a Texas resident who resides in Harris County, Texas.

2.    Nationwide is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

### II.
### DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Harris County.

## V.
## FACTUAL BACKGROUND

7.      Mr. Walker is a named insured under a property insurance policy issued by Nationwide.

8.      On or about October 1, 2015 a storm hit the Houston, Texas area, damaging Mr. Walker's house and other property located at 1242 Bingle Road, Houston, Texas, 77055.  Mr. Walker subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

2

12. Moreover, Nationwide performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

**VI.**
**CAUSES OF ACTION**

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.   Breach of Contract**

14. Nationwide had a contract of insurance with Plaintiff. Nationwide breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.   Prompt Payment of Claims Statute**

15. The failure of Nationwide to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.   Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

3

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.    Defendant violated Section 541.061 by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

21.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.    Defendant has violated the Texas DTPA in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Nationwide failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Nationwide, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

24.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.    Plaintiff further prays that he be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.    You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Chris Walker prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Walker be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

other and further relief, general or special, at law or in equity, to which Mr. Walker may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:   /s/ Sheldon Wayne
          Richard D. Daly
          TBA No. 00796429
          rdaly@dalyblack.com
          ecfs@dalyblack.com
          Sheldon Wayne
          TBA No. 24098581
          swayne@dalyblack.com
          2211 Norfolk St., Suite 800
          Houston, Texas 77098
          713.655.1405—Telephone
          713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
CHRIS WALKER**

7

# Exhibit "B"

12/2/2016 12:13:39 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14074562
By: Kenya Kossie
Filed: 12/2/2016 12:13:39 PM

CAUSE NO. 2016-79472

| | | |
|---|---|---|
| CHRIS WALKER, | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 333rd JUDICIAL DISTRICT COURT |

## DEFENDANT NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above styled and numbered cause, and file this, its Original Answer to the Plaintiff's Original Petition and in support thereof, would respectfully represent and show unto the Court the following:

## I.
### GENERAL DENIAL

1.     Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant asserts a general denial to the material allegations contained in Plaintiff's Original Petition or latest amended Petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and demands Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

## II.
### SPECIFIC DENIALS

2.      Defendant specifically denies it engaged in violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act, and further denies it is liable for damages under those statutes or that it is liable for exemplary damages.

## III.
### AFFIRMATIVE DEFENSES

3.      Further answering, Defendant asserts with respect to Plaintiff's claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

4.      Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of all relevant policies at issue.

5.      Further answering, Defendant asserts there is no ambiguity in the contract as there is only one reasonable interpretation.  *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003).

6.      Further answering, Defendant asserts Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

7.      Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

8.      Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendants that are not pleaded in this answer, Defendant does not waive its right to invoke such provisions either contractually or by further pleading.

9.      Defendant further alleges Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat;

- Chapter 304, Tex. Fin. Code; and

- Chapter 41, Tex. Civ. Prac. & Rem. Code

10.      By way of further answer, Defendant made no material misrepresentation to Plaintiff and no false representation to Plaintiff. Accordingly, Plaintiff's cause of action for misrepresentation must necessarily fail. Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies because Defendant's actions or inactions were not a producing or proximate cause of damages, injury or loss suffered by Plaintiff.

11.     Defendant would assert that the Court should instruct the jury as to whether any recovery sought by the Plaintiff is subject to federal or state income taxes.

12.     Further answering, Defendant deny Plaintiff's claim alleging bad faith against Defendant, as a *bona fide* controversy existed and continues to exist concerning the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the Policy.  The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

13.     Further answering, Defendant asserts Texas does not recognize a cause of action against an insurer or for common law negligence, common law fraud, misrepresentation or nondisclosure as breach of the duty of good faith and fair dealing is the only common law cause of action against an insurer.  *Universe Life Ins. Co. v. Giles,* 881 S.W.2d 44, 53 n. 6 (Tex.App.-Texarkana 1994), aff'd in part, rev'd in part, 950 S.W.2d 48 (Tex.1997).

14.     Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

15.     Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

16.     Defendant *reserves* the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the policy.

## IV.
### NOTICE OF DOCUMENTS TO BE USED AT TRIAL

17.     Pursuant to TEX. R. CIV. P. 193.7, Defendant hereby notifies Plaintiff of Defendant's intent to use all documents exchanged and produced between the parties including, but not limited to, correspondence, discovery responses, and deposition testimony and exhibits during the trial of this matter and in any motions for summary judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendant, but that Defendant go hence without day and recover its costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: */s/Randall G. Walters*
RANDALL G. WALTERS – 20819480
randy.walters@wbclawfirm.com
Service of Documents:
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 – FAX
214/347-8380 – DIRECT
214/749-4805 – MAIN

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of December 2016, a copy of the above and foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/Randall G. Walters
RANDALL G. WALTERS

Exhibit "C"

# <u>INDEX OF MATTERS BEING FILED</u>

1.    Notice of Removal
       i)       Exhibit A-Plaintiff's Original Petition;
       ii)      Exhibit B-Plaintiff's Demand Letter;
       iii)     Exhibit C-Defendant's Answer in State Court;
       iv)      Exhibit D-Index of Matters Being Filed;
       v)       Exhibit E- Notice of Removal filed in the State Court Action;

2.    Civil Case Cover Sheet

# Exhibit "D"

CAUSE NO. 2016-79472

| | | |
|---|---|---|
| CHRIS WALKER, | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 333rd JUDICIAL DISTRICT COURT |

## NOTICE OF FILING NOTICE OF REMOVAL

In compliance with 28 U.S.C. § 1446(d), this is to provide notice that Defendant Nationwide Property and Casualty Insurance Company has filed a Notice of Removal of the above-styled case in the United States District Court for the Southern District of Texas, Houston Division. A copy of the Notice of Removal filed in said action is attached hereto as Exhibit "A."

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: _____
RANDALL G. WALTERS - 20819480
Meadow Park Tower
10440 North Central Expressway, 15th Floor
Dallas, Texas 75231
214/347-8381 - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this the 7th day of December, 2016 a true and correct copy of the above document has been forwarded to all counsel of record.

_____
RANDALL G. WALTERS